UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE G. HARGROVE,

                Plaintiff,

-against-

ABM INDUSTRIES, INC.,

                Defendant.

24-CV-6022 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Florida, brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 to 12213, and state law. He alleges that he sought employment at Godfrey Environmental Contract LLC in Chipley, Florida, but the prospective employer refused to accommodate his disability and discriminated against him based on race.

For the following reasons, this action is transferred to the United States District Court for the Northern District of Florida.

## DISCUSSION

Title VII includes a venue provision, which provides that claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

The ADA also incorporates Title VII's venue provision. *See* 42 U.S.C. § 12117(a).

Plaintiff makes the following allegations in support of his ADA and Title VII claims:

> Once the employer find out I sustain a disability injury they relation against me when I had a preexisting injury from gotten injury on the job on 9-20-2022. I treated unfair not to accomadte my disability instead relation against me.

(ECF 1 at 5.)[1]

Plaintiff alleges that he applied to work at Godfrey Environmental Contract LLC, located at 1308 West Railroad Ave in Chipley, Florida. (ECF 1 at 3.) Plaintiff further alleges that he resides in Chipley, Florida. (*Id*. at 2.) Chipley is in Washington County, which is in the Northern District of Florida. 28 U.S.C. § 89(a). Plaintiff appears not to have named Godfrey Environmental Contract LLC, as a defendant; instead, he sues "ABM Industries, Inc. etc.," (ECF 1 at 1), for which he provides an address in New York, New York. Plaintiff has not alleged any facts about the relationship between the named defendant (ABM Industries, Inc.) and the potential employer (Godfrey Environmental Contract LLC).

Venue for Title VII and ADA claims for the denial of employment in Chipley, Florida, lies in the Northern District of Florida, because it is "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice," and "is a "judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). It is unclear if ABM Industries, Inc. might be a "judicial district in which the employment records . . . are maintained and administered," which might make venue also proper in this district for Plaintiff's Title VII and ADA claims.

Whether or not venue is proper in this district, the Court can transfer this action in the interest of justice to another district in which it could have been brought. 28 U.S.C. §§ 1404,

---

[1] The spelling, grammar, and punctuation in all quoted material are from the original, unless otherwise noted.

1406. Moreover, where, as here, the plaintiff does not reside in the chosen forum, and the claims did not arise in the chosen forum, a plaintiff's choice of forum is entitled to less deference. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Venue of Plaintiff's Title VII and ADA claims is proper, under 42 U.S.C. § 2000e-5(f)(3), in the Northern District of Florida, based on the location of the proposed employment in Chipley, Florida. Accordingly, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of Florida.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 12, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge