UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MAURICE G. HARGROVE,

    Plaintiff,

v.                                                  Case No. 5:24-cv-187-TKW-MJF

ABM INDUSTRIES, INC. and
GCA EDUCATION SERVICE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned has screened Plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915(e)(2). Despite the undersigned twice providing Plaintiff detailed instructions on stating claims for relief, Plaintiff's third amended complaint fails to state a facially plausible claim for relief. The District Court, therefore, should dismiss this civil action.

### BACKGROUND

On June 4, 2025, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a third amended complaint. Plaintiff alleges employment discrimination by ABM Industries Headquarters and GCA Education

Service. Plaintiff alleges that on September 20, 2022, he suffered an undisclosed workplace injury. Doc. 19 at 4–5. Plaintiff claims that upon learning of his disability, ABM "decided to retaliate against the Plaintiff" and "terminate the Plaintiff." *Id.* at 5.

On the Northern District of Florida complaint form, Plaintiff checked boxes to assert four claims: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) disability discrimination in violation of the Americans with Disabilities Act of 1990; (3) retaliation in violation of the ADA; and (4) an unspecified claim under the Florida Civil Rights Act of 1992.

## STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the District Court is required to dismiss the complaint if the court determines that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A court must accept all well-pleaded factual allegations of the amended

complaint as true and evaluate all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

### A. Plaintiff's Title VII Claim

Title VII prohibits employers from discriminating against certain individuals on the basis of race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a)(1). To state a claim under Title VII, a plaintiff must allege:

   (1) plaintiff is a member of one of the classes protected by Title VII;

   (2) the plaintiff suffered an adverse employment action; and

   (3) the defendant took the adverse employment action because of intentional discrimination.

*Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam).

On the Northern District of Florida complaint form, Plaintiff checked the box indicating that Defendants discriminated against Plaintiff because of Plaintiff's race Doc. 19 at 7. The complaint form includes a section—Section III "Statement of Claim"—where Plaintiff was required to "[s]tate the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do. Identify how each named Defendant caused you harm or violated federal law." Doc. 19 at 4.

Despite these clear instructions, Plaintiff did not provide information about Defendants' alleged race discrimination. In fact, Plaintiff never even alleges that he suffered an adverse employment action because of his race. Plaintiff, therefore, failed to state a discrimination claim under Title VII.

**B.   Plaintiff's ADA Claims**

   **1.   *Failure to State an ADA Claim***

Plaintiff asserts that Defendants failed to accommodate his disability.

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . [the] terms,

conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA further prohibits an employer from "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee." 42 U.S.C. § 12112(b)(5)(A). To state a discrimination claim under the ADA, a plaintiff must allege:

> (1) the plaintiff suffers from a disability;
>
> (2) the plaintiff is a qualified individual; and
>
> (3) a "covered entity" discriminated against the plaintiff on account of his disability.

*Surtain*, 789 F.3d at 1246; *Cramer v. Florida*, 117 F.3d 1258, 1264 (11th Cir. 1997); *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 801 (11th Cir. 2014). Plaintiff has failed to allege each of the required elements of his ADA claim.

***Plaintiff Failed to Allege that He Suffers from a Disability.*** Under the ADA, a "disability" includes "a physical or mental impairment that substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1). An "impairment" is any "physiological

disorder or condition" that affects "one or more body systems." 29 C.F.R. § 1630.2(h)(1).

To qualify as a "disability" under the ADA, an impairment must "substantially limit[] the ability of an individual to perform a major life activity as compared to most people in the general population." *Id.* § 1630.2(j)(1)(ii); *see* 42 U.S.C. § 12102(2)(A) (noting that major life activities include "walking, standing, lifting, bending," and "working"). This does not mean that the impairment must "significantly or severely restrict[] the individual from performing a major life activity." *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1269 (11th Cir. 2014) (quoting 29 C.F.R. § 1630.2(j)(1)(ii)). Rather, the impairment must negatively affect "the plaintiff's ability 'to perform a major life activity as compared to most people in the general population.'" *Adams v. Crestwood Med. Ctr.*, 504 F. Supp. 3d 1263, 1281 (N.D. Ala. 2020) (quoting 29 C.F.R. § 1630(j)(1)(ii)). "Substantially limits" is "construed broadly in favor of expansive coverage"; it is not "a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i).

Plaintiff alleges that on September 20, 2022, he sustained a workplace injury, and numerous doctors have stated that Plaintiff is

disabled. Doc. 19 at 5. Plaintiff, however, does not provide any *factual* information about the nature of his injury or the effects of this injury on his ability to perform a major life activity. Merely alleging that Plaintiff was injured and doctors consider him to be disabled is insufficient to allege the first element of an ADA claim. Plaintiff, therefore, has failed to state an ADA claim.

***Plaintiff Failed to Allege that He is a Qualified Individual.*** Under the ADA, a "qualified individual" is anyone "'who, with or without reasonable accommodation, can perform the essential functions' of her employment." *Surtain*, 789 F.3d at 1246 (quoting 42 U.S.C. § 12111(8)). The "essential functions" of employment are "the fundamental job duties of the employment position the individual with a disability holds." 29 C.F.R. § 1630.2(n)(1).

Plaintiff's conclusory allegation that he suffered an "injury" and doctors opined that Plaintiff is "disabled" does not plausibly suggest that he, with or without a reasonable accommodation, can perform the essential functions of his employment. Therefore, for this reason too, Plaintiff fails to state a claim under the ADA.

***Plaintiff Failed to Allege that Defendants are Covered Entities.*** For purposes of the ADA, covered entities include employers engaged in an industry affecting commerce with 15 or more employees each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 12111 (2), (5)(A). Whether a defendant qualifies as an employer is a threshold issue. *See Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1340 (11th Cir. 1999).

Plaintiff failed to allege that Defendants employed any other employees, much less the requisite 15 employees. For this reason, too, Plaintiff has failed to state a claim under the ADA.

## 2.   *Retaliation Claim Under the ADA*

The ADA prohibits employers from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203. To state a claim of retaliation under the ADA, a plaintiff must allege:

(1)   plaintiff engaged in statutorily-protected conduct;

(2) the alleged retaliator knew that the plaintiff had engaged in this conduct;

(3) plaintiff suffered an adverse employment action; and

(4) the adverse employment action was causally related to the plaintiff's protected conduct.

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (addressing Title VII's retaliation provision); *Tafolla v. Heilig*, 80 F.4th 111, 125 (2d Cir. 2023); *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).

***Plaintiff Failed to Allege that He Engaged in Protected Conduct***. An employee has engaged in protected activity if he has: (1) opposed an unlawful employment practice or (2) made a charge, testified, assisted, or participated in any manner in any ADA investigation, proceeding, or hearing under 42 U.S.C. § 12203(a).

Although Plaintiff references an accident report completed by a supervisor, Plaintiff does not: (1) allege that Plaintiff authored the report or provided information for the report; (2) specify the contents or subject matter of the report; (3) allege that this report resulted in any retaliatory

acts by Defendants; or (4) allege that Plaintiff's involvement with this report—if any—constituted protected activity or expression.

Plaintiff also does not allege that, before Defendants committed some adverse employment action, Plaintiff complained of discrimination to the EEOC or the Florida Commission on Human Relations or otherwise engaged in protected conduct. *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000); *Bourne v. Sch. Bd. of Broward Cnty.*, 508 F. App'x 907, 911 (11th Cir. 2013). Because Plaintiff does not allege that he engaged in protected conduct, he has failed to state an ADA retaliation claim.

***Plaintiff Failed to Allege a Causal Connection Between Protected Conduct and an Adverse Employment Action.*** Because Plaintiff has not alleged that he engaged in statutorily-protected conduct, he has failed to allege that Defendants took an adverse employment action because of Plaintiff's protected conduct. For this reason, too, Plaintiff has failed to state an ADA retaliation claim.

### C. <u>Plaintiff's Florida Civil Rights Act Claim</u>

Under the Florida Civil Rights Act of 1992 ("FCRA"), it is unlawful for an employer to discharge an individual because of, among other

things, an employee's race or handicap. Fla. Stat. § 760.10(1)(a). Because the FCRA is based on Title VII, Florida courts apply Title VII law when interpreting the FCRA for purposes of race discrimination claims. *Gamboa v. American Airlines*, 170 F. App'x 610, 612 (11th Cir. 2006). Courts also evaluate FCRA disability-discrimination claims under the same framework as ADA claims. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007).

As demonstrated above, Plaintiff failed to state a claim under Title VII and the ADA. Accordingly, Plaintiff also has failed to state a claim under the FCRA.

**D.    Further Leave to Amend is Not Warranted**

"[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023). A district court, however, need not allow further amendment when the court already afforded the plaintiff leave to amend and plaintiff failed to cure deficiencies. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

***The Undersigned Screened Plaintiff's First Amended Complaint and Provided Instructions to State a Claim.*** On November 25, 2024, the undersigned screened Plaintiff's first amended complaint and advised Plaintiff that his complaint suffered from several deficiencies, including failure to state a claim under Title VII and the ADA. Specifically, the undersigned advised Plaintiff his claims were deficient because Plaintiff had not alleged that Defendants were his employers and "covered entities" under the applicable statutes. Doc. 12. In his third amended complaint, Plaintiff did not allege the number of employees employed by Defendants.

***The Undersigned Screened Plaintiff's Second Amended Complaint and Provided Instructions to State a Claim.*** On December 18, 2024, Plaintiff filed his second amended complaint. Doc. 13. Plaintiff's second amended complaint failed to state a plausible claim for relief because Plaintiff relied on conclusory statements devoid of any factual enhancement. Therefore, on February 20, 2025, after screening Plaintiff's second amended complaint, the undersigned advised Plaintiff that he could not rely on mere legal conclusions and must provide *specific facts* that would support each element of his claim. Doc. 14.

***Plaintiff Filed his Third Amended Complaint.*** On June 4, 2025, Plaintiff filed his third amended complaint. Doc. 19. Despite providing Plaintiff detailed instructions and two opportunities to amend his complaint, Plaintiff still has not stated a claim upon which relief can be granted. Therefore, further leave to amend Plaintiff's third amended complaint is not warranted.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1. **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) because Plaintiff has failed to state a plausible claim for relief; and

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida this 12th day of September, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R.**

**Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**